*394
 
 *Gardiner, J.
 

 — The question upon the facts stated is, whether the draft, under these circumstances, operated as an assignment of the deposit of the Geneva Bank, to the amount of the draft, either at law or in equity. The question has been decided by this court, in
 
 Cowperthwaite
 
 v.
 
 Sheffield
 
 (3 N. Y. 243),
 
 Harris
 
 v.
 
 Clark
 
 (Id. 93), and in
 
 Winter
 
 v.
 
 Drury
 
 (5 Id. 525). The instrument in question was an ordinary bill of exchange; it did not purport to be drawn on a particular fund, even if one existed. But there is nothing to show that any part of the deposit of the Geneva Bank was held by the drawees, at the time when the draft was received, or transmitted, or when the note for the payment of which the proceeds were to be appropriated, matured, and was presented at the banking-house of the depositary.
 

 The Canal Bank paid interest upon, and had the right to use, the deposit, by arrangement, in their own business ; they, probably, availed themselves of all the advantages secured by the agreement. The depositing bank was, therefore, a mere creditor at large of the insolvent corporation, and I do not see how their unaccepted bill of exchange placed the plaintiff in any better situation. The cashier was his agent, for the purpose Of paying the note, and, as it seems to me,-for procuring an acceptance of the bill. As this was not done, there can be no pretence, that he acquired any rights superior to that of his vendor, even if an acceptance would have availed him.
 

 , *It is said, that the instrument is a check; but * 4-171
 
 7 7
 
 J a check is a bill of exchange, payable on demand.
 
 (Harker
 
 v. Anderson, 21 Wend. 373, and cases cited;
 
 Franklin
 
 v.
 
 Vanderpool,
 
 1 Hall 80.) The drawee owes no duty to the holder, until the check is presented and accepted. Baron Parke remarked, in a case decided in February last, that the holder “could not sue the drawee unless he had accepted the check, a practice not usual.”
 
 *395
 

 (Bellamy
 
 v.
 
 Majoribanks,
 
 7 Exch. 389.) And in
 
 Harker
 
 v.
 
 Anderson (supra),
 
 it was decided, that no action could be maintained against the drawer, until after presentment and refusal of payment by the drawee, and notice to the former. Money deposited generally with a banker, becomes the property of the depositary; the right of the depositor is a chose in action. It is immaterial, whether the implied engagement upon the part of the banker is to pay the sum in gross, or in parcels, as it shall be required by the depositor. In either case, the draft or check of the latter, would not, of itself, transfer the debt, or a lien upon it, to a third person, without the assent of the depositary.
 
 (Dykers
 
 v.
 
 Leather Manufacturers’ Bank,
 
 11 Paige 616.) As Judge Cowen remarked, in
 
 Marker
 
 v.
 
 Anderson,
 
 there are
 
 dicta
 
 of learned judges, taking a distinction between checks and bills of exchange, but the whole current of authority is the other way.
 

 The supreme court, I think, erred, in determining that the plaintiff was entitled to a preference in the payment of his debt, over the other creditors of the bank, and the judgment should be reversed.
 

 That a check upon a bank does not operate as an assignment
 
 pro tanto
 
 of the fund, against which it is drawn, is well settled, by many decisions. See Ætna Bank v. Fourth National Bank, 46 N. Y. 87 ; Attorney General v. Continental Life Insurance Co., 71 Ibid. 325 ; Lloyd v. Caffrey, 46 Penn. St. 410; Bank of the Republic v. Millard, 10 Wall. 152.