WILLIAM ALLEN BUTLER et al., Executors, etc., Respondents, *v.* WILLIAM SPRAGUE et al., Respondents, J. B. VIROLET, Petitioner, etc., Appellant.

The firm of V. & B. consigned their goods to the firm of H., S. & Co., commission merchants, for sale. V. agreed with H., S. & Co. to secure advances made to his firm by keeping on deposit with them funds sufficient for that purpose. He had then standing to his individual credit $50,000. He thereafter drew drafts and made deposits, and statements of the account were made to him from time to time, in which he was allowed interest on the credits and charged interest on the debits. V. & B. received advances at times larger than the balance due V. H., S. & Co. suspended, owing V. $18,545.26. V. & B.'s account was closed and any balance paid. A receiver was appointed of the property of H., S. & Co. V. moved that the receiver be required to pay him the balance so due, on the ground that it was a special deposit in the hands of the receiver. *Held,* that the motion was properly denied; that the receiver had no property which belonged to V., or upon which he had a legal or equitable lien; and that he was simply a creditor of the insolvent firm with no more right to the specific amount of his claim than any other creditor.

Also *held,* that even if V. had shown that he made a special deposit, he could only recover it in case he found the same money in the hands of the receiver, or property in which it had been wrongfully invested or which had been wrongfully substituted for it; that if wrongfully converted by H., S. & Co. the only claim of V. against the insolvent estate was that of a creditor.

(Argued June 6, 1876; decided June 13, 1876.)

APPEAL by J. B. Virolet from an order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term denying a motion to confirm a referee's report.

Said Virolet moved, upon a petition, for an order directing the receiver of Hoyt, Sprague & Co. to pay over to him from the assets in his hands, as receiver, the sum of $18,545.26. A reference was ordered, the referee to take proof of the facts and report the same with his conclusions of law. The referee reported in favor of the petitioner. The facts found by him, and other material facts, are sufficiently stated in the opinion.

*James McKeen* for the appellant. Money may be the subject of the ordinary contract of pledge. (Story on Bail., 342, § 290; *Van Alan* v. *Am. Nat. Bk.*, 52 N. Y., 1, 8, 9; *Ex parte Sayres*, 5 Ves., 169; *Byron* v. *Brandreth*, L. R., 16 Eq. Cas., 475; *Horton* v. *Morgan*. 19 N. Y., 170; *Nourse* v. *Prime*, 4 J. Ch., 491; 7 id., 88; *Kimberly* v. *Patchin*, 19 N. Y., 330.) The fund claimed was deposited for a special purpose and therefore clothed with a trust. (*Toovey* v. *Milne*, 2 B. & Ald., 583; *Edwards* v. *Glyn* [1859], L. J., 28 Q. B., pt. 2, 359; Am. L. Cas., 520; *McDonough* v. *Delasus*, 10 Robt. L. R., 487.)

*Geo. C. Holt* for the respondents. The liability of Hoyt, Sprague & Co. to Mr. Virolet was the same as that of banker to depositor. (Morse on Banking, 25, 39; *Ætna Nat. Bk.* v, *Fourth Nat. Bk.*, 46 N. Y., 82; *Watts* v. *Christie*, 11 Beav., 546; *Beebe* v. *Bull*, 12 Wend., 504; *Laden* v. *Hart*, 4 Wend., 583; Lindley on Part. [3d ed.], 1165; *In re Franklin Bk.*, 1 Paige, 249; *Chapman* v. *White*, 6 N. Y., 412; *Marsh* v. *Oneida Cent. Bk.*, 34 Barb., 298.)

EARL, J. The petitioner, Virolet, prior to August, 1868, had been engaged in the business of manufacturing oil-cloth, and consigned his goods to Hoyt, Sprague & Co., for sale upon commission. In that month he formed a copartnership with W. J. Bruen for the same business, and the firm continued to consign their goods to Hoyt, Sprague & Co., as their factors. About October 1, 1868, Virolet contemplated a visit to Europe and an absence of some considerable time from this country, and wished to make some arrangement with Hoyt, Sprague & Co. for advances to his firm during his absence, if they should be required. He, accordingly, went to them and proposed to leave on deposit with them, and from time to time to deposit with them, funds sufficient to secure them for any advances which they might make to his firm. At that time he had standing to his credit in account with them upwards of $50,000. He went to Europe

and remained there about five years, and during that time he drew drafts on them and made deposits with them from time to time, and the balance due him was constantly varying, sometimes being quite small. They, from time to time, rendered him statements of his accounts, in which they allowed him interest on his credits and charged him interest on his debits. In October, 1873, they suspended and became insolvent, then owing him $18,545.26, the balance due him upon his account. The firm of Virolet and Bruen had consigned their goods to Hoyt, Sprague & Co. for sale upon commission, and had, from time to time, received advances, sometimes to an amount larger than the balance at the time due Virolet from them, and, after their suspension, the firm paid them any balance due from it. A receiver was appointed in this action of the property of Hoyt, Sprague & Co., and Virolet made a motion to compel the receiver to pay him the balance above stated, on the alleged ground that the money was a special deposit, and must be treated as in the possession of the receiver, and he complains, upon this appeal, that he had thus far been wrongfully defeated in his application.

It seems quite clear that he was simply a creditor of the insolvent firm. He kept, on general deposit with them, a certain amount of money, for which they became indebted to him. It was not understood that they were to keep on hand the same money, or any particular money or property. It must have been the understanding that they could use it, as they allowed him interest for his credits. The account with him was a debt and credit account, interest being allowed on one side and charged on the other. They had the right to do what they chose with the money, and the balance due from them to him was to be their security for sums which they might advance to his firm. They were not to be secured by keeping the identical money, but by the balance of account due him. When they suspended they had no money which he had placed in their hands, and nothing which represented that money. Hence there is no authority for

holding that he could claim a preference over other creditors of the insolvent firm. The receiver had no property which belonged to him, and none upon which he had either a legal or equitable lien. He had no more right to the specific amount or fund claimed by him than any other creditor. (*The Matter of the Franklin Bank,* 1 Paige, 249; *Chapman* v. *White,* 6 N. Y., 412.)

If, however, he had been able to show that he had made special deposits with the insolvent firm for the purpose mentioned, he would have been, upon the facts proved, in no better condition. In that case, if he had found the same money in their hands, or property in which they had wrongfully invested it, or which they had wrongfully substituted for it, he could have claimed it, and his right to it would have been recognized. (*Cook* v. *Tullis,* 18 Wal., 332; *Clark* v. *Iselin,* 21 id., 360; *Van Alen* v. *American Nat. Bank,* 52 N. Y., 1.) But here he has not found the same money deposited by him, and he has not shown that it is represented by any of the property which went into the hands of the receiver. If they wrongfully converted the money therefore, his only claim against the insolvent estate is that of a creditor on a footing of equality with the other creditors.

The order must be affirmed, with costs.

All concur.

Order affirmed.