DAVID TERHUNE

*v.*

THE BANK OF BERGEN COUNTY.

On Tuesday, November 9th, 1880, the directors of a bank discovered that the cashier had embezzled the funds, but not to such an extent, as they then supposed, as to render the bank insolvent, and the bank continued business. On Wednesday, the complainant, a dealer with the bank, deposited about $600 in cash and checks, which were credited in his bank-book, and the checks duly forwarded for collection, and credited to the bank by its correspondent. On Thursday, the bank suspended through insolvency.—*Held*, that complainant's deposit was not entitled to preference in payment over those of other depositors.

---

Petition that receiver pay the petitioner the amount of a deposit of cash and checks made by him in the bank on the day before its failure.

*Mr. L. Shafer*, for the petitioner.

*Mr. G. Collins*, for the receiver.

Terhune *v.* Bank of Bergen Co.

THE CHANCELLOR.

The Bank of Bergen County closed its doors on Thursday, November 11th, 1880, at a little before one P. M. The petitioner, John Haywood, had on deposit in the bank, on the day preceding, about $1,800, and on the last-mentioned day, which was Wednesday, the 10th, he deposited $50 in cash, and checks of various persons on different banks: one in Jersey City, others in the city of New York, and one in Livingston county, in the state of New York, to the amount, altogether, of $593.54. His account was credited with the amount of cash and checks as so much cash deposited by him. The checks were forwarded the same day by mail, by the bank, to the Chatham National Bank, in the city of New York, for collection, and they appear to have been credited by the latter bank to the former, when received, which was on the next day, Thursday. On that day, those which were on banks in New York city, were paid at the clearing-house, probably at about a quarter after one P. M. The Bergen County Bank closed its doors at a little before one on that day. On proceedings in insolvency against it, a receiver was subsequently appointed. Mr. Haywood insists that the receiver should be directed to pay him the amount of the cash and of those of the checks deposited on Wednesday which were collected by the Chatham bank. Payment of two of the checks, small ones, was stopped by the drawer thereof, so that the amount thereof was not collected. He grounds his claim on the imputation of fraud, insisting that the Bank of Bergen County was insolvent on Wednesday, the day when the deposit was made, and that the president and directors of the bank ought to have known it, if they did not; and that, in justice to persons who dealt with and confided in it, they should have closed its doors on Tuesday, for on that day they discovered that the cashier had embezzled its funds to a very large amount. It appears, however, that they did not, in fact, ascertain that the assets of the bank were so greatly reduced by the fraudulent misconduct of the cashier as to threaten its insolvency, until after the close of business on Wednesday. The bank had a capital of $100,000, and a surplus of about $2,000. They were

guilty of no fraud. The case of *Chaffee* v. *Fort, 2 Lans. 81*, is cited by the petitioner's counsel in support of his position. In that case it was held that when a banker receives funds on deposit, knowing at the time that he is insolvent, and about to fail, his assignee, under an assignment for the benefit of his creditors, obtains no title to the deposit. Here, however, it not only does not appear that the president and directors knew on Wednesday that the bank was insolvent, but, on the other hand, it appears that they then believed it to be entirely solvent. The petitioner is not entitled to the order which he seeks, either in regard to the cash or the checks. He endorsed the latter to the bank absolutely. It sent them away for collection on its own account, the same day, and they were collected accordingly by its agent and correspondent. The question is not whether the petitioner can claim the proceeds of the checks at the hands of the correspondent, but whether he is entitled to preference over other creditors of the bank in payment out of its assets. They will be required to accept a dividend. He asks that he may be paid in full. He is not entitled to it. He is merely a general creditor of the bank for the amount due him on account of his deposits. *Matter of the Franklin Bank, 1 Paige 249 ; Butler* v. *Sprague, 66 N. Y. 392.* The petition will be dismissed.