WILLIAM F. LEWIS and others *vs.* TRADERS' BANK, Claimant.

January 10, 1883.

**Garnishment—Unaccepted Draft is not Assignment of Fund.**—A bill of exchange or draft, payable generally, and not out of any particular fund or debt, will not, before acceptance, operate as an assignment, to the holder of the bill or draft, of a debt due from the drawee to the drawer.

Plaintiffs, having commenced an action in the district court for Ramsey county against the firm of Lawrence & Martin, garnished Broadwater, Hubbell & Co. Upon examination the garnishees disclosed indebtedness to defendants amounting to $823.09, and the Traders' Bank, of Chicago, appearing as claimant of this fund, was allowed to file its complaint, whereupon the action proceeded between it and the plaintiffs, and was tried before *Brill, J.,* without a jury. Judgment was ordered for plaintiffs, and the claimant appeals from an order refusing a new trial.

*Rogers & Rogers,* for appellant, cited 1 Daniel on Neg. Inst. § 21; Drake on Attachment, §§ 604, 611; *Ballou* v. *Boland,* 14 Hun, (N. Y.) 355; *Morton* v. *Naylor,* 1 Hill, 583; *Bank of Commerce* v. *Bogy,* 44 Mo. 13; *Jermyn* v. *Moffitt,* 75 Pa. St. 399; *Conway* v. *Cutting,* 51 N. H. 407; *Mandeville* v. *Welch,* 5 Wheat. 277; *Kahnweiler* v. *Anderson,* 78 N. C. 133; *Robbins* v. *Bacon,* 3 Greenl. 346; *Springfield Mar. & F. Ins. Co.* v. *Peck,* 102 Ill. 265.

*Herbert B. Johnson* and *Harvey Officer,* for respondents.

MITCHELL, J.* This is a contest between the plaintiffs and the Traders' Bank of Chicago, claimant, as to which is entitled to the amount due from the garnishees, Broadwater, Hubbell & Co., on account of goods sold and delivered to them by the defendants Lawrence & Martin. The plaintiffs claim it as attaching creditors by virtue of their garnishee proceedings. The Traders' Bank claims it as assignee of the defendants. The facts upon which the bank bases its claim are that, prior to the service of the garnishee summons, the defendants had drawn certain drafts or bills of exchange upon Broadwater, Hubbell & Co., and sold and transferred them for value to the claimant, the bank. The claim is that these drafts operated as an equitable assignment, to the holder, of the debt due from the drawees to the drawers. These drafts were ordinary bills of exchange, payable generally, and not out of any particular fund or debt. They were never accepted by the drawees.

Taking the view of the facts most favorable to the bank, and assuming all other points in the case to be decided in its favor, there is one ground upon which the decision must necessarily be adverse to its claim. A bill of exchange or draft, payable generally, and not out of any particular fund or debt, will not amount, before acceptance, to an assignment to the holder of funds in the hands of the drawee belonging to the drawer, or of a debt due from the former to the latter. A draft for the whole of a *particular specified fund* or debt amounts to an assignment of such debt or fund, even without acceptance. So, also, when a draft or order has been accepted, whether it be drawn on general funds or a specific fund, it is said to amount to

*Gilfillan, C. J., because of illness, took no part in this case.

an assignment of the fund; for in such case the acceptor, by his assent, binds and appropriates the fund for the use of the payee of the draft or order. But we have found no case which holds that a bill of exchange payable generally amounts, before acceptance, to an assignment of funds in the hands of the drawee belonging to the drawer, or of a debt due the latter from the former, or gives the holder of the draft any lien, legal or equitable, upon such fund or debt. *Mandeville* v. *Welch*, 5 Wheat. 277; *Luff* v. *Pope*, 5 Hill, 413; *Harris* v. *Clark*, 3 N. Y. 93; *Cowperthwaite* v. *Sheffield*, Id. 243; *Winter* v. *Drury*, 5 N. Y. 525; *Chapman* v. *White*, 6 N. Y. 412; *Hopkins* v. *Beebe*, 26 Pa. St. 85.

The only thing tending to connect the drafts in this case with the debt due the drawers from the drawees is that, when the drawers sold them to the bank, they stated to the bank that they were drawn for the amount due for goods sold by them to the drawees. This of itself did not amount to any assignment of the debt, and a mere verbal statement of this kind could not vary the legal effect of the drafts. A written instrument, plain on its face, cannot be changed into something else by anything the parties said at the time of making it. It must speak for itself. *Luff* v. *Pope, supra.*

Order affirmed.