### MOORE *vs.* FIRST NATIONAL BANK OF MADISON.

#### (*Supreme Court of Michigan, June, 1885.*)

ASSIGNMEMT. DRAFT FOR ENTIRE DEBT. ACCOUNT ATTACHED. When a creditor draws a draft upon his debtor for the entire amount of the debt, and attaches an account thereto of such indebtedness, and discounts the same at bank, the effect of the transaction is an assignment of the demand to the bank.

Error to Wayne.

Davis drew a draft on A. R. & W. H. Linn, payable thirty-six days after date, for $139.65 due to him from them for goods sold, and he attaced to the draft a bill for the merchandise for an equal amount, and the draft was discounted by the bank. Subsequently an action was instituted against Davis, and the Linns were garnisheed, whereupon the bank intervened and claimed the amount due from the Linns. The Court held that the bank acquired no right to the indebtedness by discount of draft, and plaintiff had judgment, The bank appealed.

W. I. Gray, for appellant.   G. W. Bates, for appellee.

Cooley, C. J., in delivering the opinion of the Court, said: The controversy, it will be seen, turns upon the question whether the draft by Davis on the Linns operated as an assignment of the demand. It was received and discounted by the claimant before the garnishment summons was served, and the Linns were notified of the facts before they answered. If, therefore, the draft transferred the demand to the bank, the judgment is erroneous. In the recent case of Grammel *vs.* Carmer, 54 Mich. (19 Reporter; 120) the question whether a draft was an assignment of the fund in the drawee's hands, to the extent of the sum drawn for, was considered and decided in the negative. That, however, was the case of a banker's draft, and it was not drawn for the whole fund in the drawee's hands. Many cases were cited in the opinion filed in that case, and the following, not then cited, are to the same effect: Shand *vs.* Du Auisson, L. R. 18 Eq. 283; Lewis *vs.* Traders' Bank, 30 Minn. 134; Jones *vs.* Pacific Wood, etc. Co. 13 Nev. 359; Rosenthal *vs.* Mastin Bank, 17 Blatch. 318; Dolson *vs.* Brown, 13 La. An. 551; Sands *vs.* Matthews, 27 Ala. 396.

But this case differs from Grammel *vs.* Carmer in the fact that the draft now in question was drawn for the exact amount of a sum claimed to be due from the drawees to the drawer for a bill of merchandise, and that the account was attached to the draft evidently for the purpose of being sent forward with it. When thus sent forward, it would explain to the drawees the account on which it was drawn; but it must also have been understood to serve a further purpose, namely, to be evidence in the hands of the drawees that the account was paid when the draft was taken up by them. There could be no sufficient reason for attaching it at all, unless it was understood that payment of the draft would be payment of account as well.

By the general commercial law, as was said in Grammel *vs.* Carmer, *supra*, the purchaser of a draft is supposed to take it in reliance upon the responsibility of the drawer, and he has no other reliance until it is accepted. This is the general rule. But if the draft is for the whole amount of a fund, the draft may, in connection with other circumstances, tend to show an intent that it should operate as an assignment. Bank of Canton *vs.* R'y Co. 52 Iowa, 378. And whereas, in this case, the draft is for the amount of an account, and the account is attached, the purpose to assign appears on the papers themselves, and they need no support from collateral circumstances. The payee, then, in taking the draft has a right to understand that, in addition to the responsibility of the drawer, he has such security for payment as may be supplied by the account, and that he may collect the account for the satisfaction of the draft. The drawer, by the papers, in effect, says to the drawee: "This

is my bill against you, which I have sold to the payee by this draft, and you are requested to make payment of it to him." This is what a business man would have a right to understand from them. The draft with the bill thus attached is not an ordinary bill of exchange, but it is an order that the debtor shall pay the amount of his debt to the person to whom it is delivered. The fact that the draft is negotiable in form is of no importance. It does not at all tend to rebut the evidence of intent on the part of the creditor to assign the demand.

Reversed and remanded.—*The Reporter.*