## ABSALOM FISHER ET AL.

### v.

## FIRST NATIONAL BANK OF SHENANDOAH.

*Banks—Loan for Purchase of Stock—Lien on Proceeds—Attachment—Garnishment—Factors.*

1. A factor may not retain and pay over moneys in his hands due a consignor, to a creditor thereof.
2. Upon a bill filed by a bank to enforce an equitable lien upon the proceeds of certain stock purchased with money loaned by it, this court declines, in view of the evidence, to interfere with the judgment for the complainant.

[Opinion filed November 11, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. HANECY & MERRICK, for plaintiffs in error.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for defendant in error.

The defendant in error having advanced the money to Griffith with the understanding that it was to be used in the purchase of stock, that defendant in error was to have an equitable lien on the stock and to be repaid out of the proceeds of the stock, that Griffith was to ship the stock to plaintiffs in error and draw a draft upon them in favor of de-

fendant in error against the shipment for the amount of the loan and was to send notice of the draft to plaintiffs in error, and Griffith having used the money in the purchase of the stock in controversy, and drawn a draft upon plaintiffs in error in favor of defendant in error for the amount of the loan and sent notice of the draft to plaintiffs in error while the proceeds were still in their hands, defendant in error is unquestionably entitled to an equitable lien. · Flour City National Bank v. Garfield, 30 Hun, 579; Lowery v. Steward, 25 N. Y. 239; Frith v. Forbes, 4 DeG. F. & J. 409; Pope v. Huth, 14 Cal. 403; Brooks v. Hatch, 6 Leigh, 534; Daniels on Neg. Instr. (3d Ed.), Secs. 21, 22 and 23.

WATERMAN, J. One John X. Griffith, having borrowed of the defendant $2,500 upon his promise that he would purchase cattle therewith, ship the same to Chicago for sale, and give defendant a draft for the proceeds, bought stock and shipped it to the plaintiffs, giving defendant a draft as promised, and by letter notified plaintiffs that he had shipped the cattle, and made a draft for $2,500 against them. Plaintiffs sold the cattle, deposited $849.57 to the credit of defendant, and paid $1,511.68 of the proceeds to Fisher & Evans, of which firm one of the plaintiffs was a member, claiming a right to make such payment on account of an indebtedness of Griffith to Fisher & Evans. Defendant applied to plaintiffs for payment of the balance of its draft, and was refused.

Attachment proceedings were afterward begun by Fisher & Evans against Griffith, and plaintiffs were summoned as garnishees; in this suit a judgment was rendered against Griffith for $1,538.93, and a conditional judgment against the garnishees.

Defendant filed its bill to enforce the equitable lien claimed by it upon the proceeds of the stock. The court, having upon hearing ordered Absalom Fisher et al., defendants below, to pay to complainant $1,511.68, defendants have taken from this court a writ of error.

It is urged by plaintiffs in error that a factor has a lien not only for his commissions, but for a general balance for moneys advanced on account of the business. Conceding this, plaint-

iffs are not seeking to retain these proceeds on account of what is due them, but despite the draft made by Griffith, insist on a right to retain and pay over the proceeds to *another* firm, for what Griffith owes to it; this clearly they can not do.

The complainant below was not, as plaintiff insists, asking to have enforced any portion of the chattel mortgage law of this State; it insisted upon a purely equitable lien, arising out of a draft for the proceeds of property purchased with its money, and by arrangement that the proceeds should be held for its benefit. Downey v. Stewart et al., 25 N. Y. 239; Daniel on Neg. Instruments, Sec. 21; Story's Eq. Jurisprudence, Sec. 1043.

Plaintiffs having no right to retain this money, which they were informed Griffith had ordered paid to defendant, could not pay it otherwise than in accordance with his order, and Evans & Fisher, whose attachment proceeding against Griffith was not commenced until after plaintiffs were informed that this money belonged to defendant, could, by attachment proceedings to which defendant was not a party, acquire no rights as against it. As to the suggestion by the plaintiffs, that the evidence adduced fails to sustain the allegations of the bill, we agree with the finding of the court below.

*Judgment affirmed.*