# LIVE STOCK STATE BANK v. ROY HISE AND AMERICAN CATTLE COMPANY.

## PERCY VITTUM & COMPANY, GARNISHEE.
## FIRST NATIONAL BANK OF POPLAR, MONTANA, APPELLANT-INTERVENER.[1]

November 18, 1921.

No. 22,429.

**Draft not operative as assignment of funds with drawee until accepted.**

1. A draft or bill of exchange, not drawn against a specific fund in the hands of the drawee, does not constitute an assignment of general funds in his hands, and the drawee is not liable thereon until he accepts the same.

**Parol evidence inadmissible to show general draft was drawn on special, fund.**

2. Parol evidence is inadmissible to show that the parties intended to draw upon a particular fund where the bill of exchange is general in form.

**Garnishment — lien not subject to rights of holder of unaccepted bill of exchange.**

3. The lien of a garnishment of funds in the hands of the drawee arising from the service of the garnishee summons upon him prior to the acceptance or knowledge or notice of the outstanding bill of exchange, *held* paramount to the rights of the holder of the bill, following Lewis v. Traders Bank, 30 Minn. 134.

**No implied acceptance of bill where drawee was garnished before notice of bill.**

4. The drawer of the bill had shipped certain cattle to the drawee for sale on the market to the credit of the drawer, and the cattle were sold, but without notice or knowledge of the outstanding bill, and before notice thereof the garnishment intervened; *held* that there was no implied acceptance of the bill as against the creditors of the drawer.

[1]Reported in 185 N. W. 498.

Action in the district court for Hennepin county to recover $5,000 upon a promissory note. The garnishee disclosed an indebtedness of $3,765.46, and the First National Bank of Poplar, Montana, claiming this fund, filed its complaint in intervention. The case was tried before Nye, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion to amend the findings and conclusions in certain respects, intervener appealed. Affirmed.

*D. L. Grannis,* for appellant.

*Herbert P. Keller, B. J. Broady* and *Jesse Van Valkenburg,* for respondents.

BROWN, C. J.

Action upon a promissory note given by defendant Hise to defendant American Cattle Company and by that company sold and transferred to plaintiff. At the time of the commencement of the action garnishment summons was issued and duly served upon the garnishee, Percy Vittum & Company, a corporation doing a general live stock business at the South St. Paul stockyards. The garnishee disclosed an indebtedness to defendant Hise in the sum of $3,765.46. Thereafter the First National Bank of Poplar, Montana, intervened in the action, claiming by its complaint of intervention the sole ownership of the indebtedness so disclosed. The allegations of the intervention complaint were put in issue by the plaintiff. The issue thus raised thereafter duly came on for trial, and after hearing the evidence presented by the respective parties the court decided that intervener had no valid claim to the indebtedness as against plaintiff under the garnishment, and judgment was ordered accordingly. Intervener appealed from an order denying a motion for certain amendments to the findings or for a new trial.

The facts as disclosed by the findings of the trial court, which are fully supported by the evidence, so far as material to the question presented by the appeal, are as follows: Hise was a cattle dealer residing at Poplar, Montana, where he purchased and shipped cattle for sale to the South St. Paul stockyards. He had shipped several carloads to the garnishee, Percy Vittum & Company, which had been sold and the proceeds credited to Hise account with garnishee. But all sales prior to

the one involved in this action are of no special importance and further detail of the facts in reference to them need not be here made. The garnishee had by letter of credit undertaken to become responsible to intervener for the payment of drafts drawn by Hise against such shipments, upon the conditions named in the written letter of credit. But in this transaction the letter of credit was neither relied upon by intervener nor complied with. So we pass that feature of the record without further comment.

On September 4, 1919, Hise drew a sight draft on the garnishee payable to the intervener, and intervener credited Hise on its books for the amount thereof. The draft was in the following language and form:

> "The First National Bank,
>> "Poplar, Montana, Sept. 4, 1919.
>
> "At sight, pay to the order of the First National Bank of Poplar, $4865.00, (Forty Eight Hundred Sixty-Five and no/100 Dollars). Value received and charge same to the account of
>
> "With exchange. Roy Hise.
> "To Percy Vittum & Co.,
>> "South St. Paul, Minn."

On the following day, September 5, Hise shipped to the garnishee at South St. Paul two cars of cattle to be sold by the garnishee and credited on his account. On the same day intervener wired the Stock Yards National Bank at South St. Paul, the inquiry, "Will you honor draft of Roy Hise on Percy Vittum for forty eight hundred sixty-five dollars?" In response the Stock Yards Bank wired back: "Advise by wire how many cattle and when shipping." To which intervener made no response. The shipment of cattle consigned to the garnishee arrived at the stockyards on September 7, and on the early morning of the eighth the cattle in the usual course of trade were sold, and the proceeds, less certain deductions, credited to Hise on the books of the garnishee. At one o'clock in the afternoon of that day the draft reached the Stock Yards Bank and was promptly presented to garnishee for payment. A few hours prior to such presentation the garnishee sum-

mons in this action had been served, and for that and the further reason that garnishee was then indebted to Hise in the sum of $3,765.46 only, acceptance and payment of the draft were refused. No bill of lading of the consigned cattle accompanied the draft. And neither plaintiff in the action nor garnishee had any notice or knowledge of the draft until after the service of the garnishee summons, at which time the cattle had been sold and the proceeds applied partly in payment of an existing indebtedness due the garnishee from Hise, the balance being credited to him on its books.

The contention of appellant is that the draft constituted an equitable assignment of the funds to be derived from the particular shipment of cattle, which the garnishee received and sold, and that there was an acceptance of the draft by the garnishee, first when the cattle were taken and sold on the market, and second, by force of the letter of credit previously issued to intervener. We are unable to sustain this view of the law, as applied to the facts here involved. The draft was not drawn on a particular fund, but generally against any money in the hands of the garnishee then due or owing to Hise. No such fund existed; the garnishee was not then indebted to Hise, the contrary being that Hise was the debtor to garnishee. The draft therefore created no liability on the part of the garnishee until acceptance; there was no equitable or other assignment of prospective funds to come into the garnishee's hands in the future. The law on the subject is well settled, at least in this state. Lewis v. Traders Bank, 30 Minn. 134, 14 N. W. 587; 2 Notes on Minn. Rep. 367; G. S. 1913, §§ 5938-5939. Parol evidence that the parties intended the draft as against a particular fund was held inadmissible in Lewis v. Traders Bank, supra.

The case of Hove v. Stanhope State Bank, 138 Iowa, 39, 115 N. W. 476, cited by counsel for intervener, is not in point. In that case the bank was cognizant of all the facts, and actively joined one of the claimants in an attempt to protect his rights. In the case at bar Percy Vittum & Company, garnishee, knew nothing of the draft until after the service of the garnishee summons, and the rule applied in Lewis v. Traders Bank, supra, controls.

Hillsdale Distillery Co. v. Briant, 129 Minn. 223, 152 N. W. 265, is

not in point. There was in that case an express assignment of a specific fund, a fact not here present.

In view of the facts stated it cannot well be held that there was an implied acceptance of the draft by the act of Percy Vittum & Company in receiving and selling the cattle. They had no notice of the draft, and had the right to act as though none had been issued. Nor, as heretofore stated, have the former transactions between the parties any pertinent relation to this one. The former letter of credit required all drafts to be accompanied by the bill of lading of the particular shipment drawn against. That was not done here, nor on all of the prior shipments. But no reliance was had upon the former practice. Here intervener made independent inquiry whether the Stock Yards Bank would honor the particular draft; the response thereto being the counter inquiry from the bank for information as to the number of cattle and time of proposed shipping. To this intervener paid no attention.

This covers the case and all that need be said in disposing of the appeal. The findings of the trial court are sustained by the evidence, and the record presents no reversible error.

Order affirmed.