## FIRST NATIONAL BANK OF McCLUSKY v. ROGERS-AMUNDSON-FLYNN COMPANY.[1]

January 27, 1922.

No. 22,591.

**Equitable assignment of proceeds of sale by defendant.**

1. The facts stated in the opinion justified the trial court in finding that there had been an equitable assignment to plaintiff of a portion of the proceeds of the sale of cattle consigned by the assignor to defendant for sale.

**Factor liable for payment of draft, before acceptance, if he knows of consignor's draft.**

2. The general rule is that, before acceptance, a draft payable generally, and not out of any particular fund, will not operate as an assign-

[1] Reported in 186 N. W. 575.

ment. But, if a consignee receives and sells goods for the consignor, with notice that a draft drawn upon him by the consignor was intended to give the payee an interest in and the right to receive part of the proceeds of the sale, he becomes liable to the payee for such proceeds.

### Delivery of bill of lading immaterial.

3. Under such circumstances, the fact that the bill of lading was not issued or delivered to the payee is not of sufficient importance to defeat a recovery.

### When factor is liable to payee of bill of exchange before acceptance.

4. Sections 5939 and 5944, G. S. 1913, providing that the drawee in a bill of exchange is not liable to the payee unless and until he accepts the bill in writing, do not defeat a recovery by the payee under the circumstances stated above. The acceptance of the consignment is the equivalent of a promise to accept the bill, which may not then be repudiated by the drawee. He receives the proceeds of sale for the use of the payee and is liable to him as for money had and received.

Action in the district court for Dakota county to recover $1,250. The answer alleged that $164.43 had been paid to R. E. Rudisell and accepted by him in payment of the balance due him following the consignment of cattle to defendant. The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying its motion to amend the findings and conclusions or to set them aside and for a new trial, defendant appealed. Affirmed.

*Moore, Oppenheimer & Peterson,* for appellant.

*D. L. Grannis,* for respondent.

LEES, C.

At the time of the transaction involved in this litigation, R. E. Rudisell was a stock buyer at McClusky, North Dakota, making shipments to defendant, a dealer in live stock at South St. Paul. It was his practice to draw on defendant when making a shipment, deposit the draft with the plaintiff and issue checks to pay for the stock. This he had done at least four times prior to the transaction here involved, and his drafts had been honored. On or about November 13, 1919, he purchased 32 head of cattle from farmers in the

vicinity of McClusky.  To obtain funds to pay for the cattle, he drew on the defendant for $1,250 in advance of the shipment, delivered the draft to plaintiff, received credit for the amount, and issued his checks to the farmers.  The arrangement under which this was done was made on November 13.  Following is a copy of the draft:

"$1,250.00                            McClusky, N. Dak. Nov. 13, 1919.

"Pay to the Order of First National Bank of McClusky, at the First National Bank, Twelve Hundred Fifty Dollars, with exchange.  Value received and charge same to the account of

                                        R. E. Rudisell.

To Rogers-Amundson & Flynn,
So. St. Paul, Minn.
Customer's Draft."

Plaintiff forwarded the draft to a St. Paul bank for collection. It was received November 15 and a deposit slip was made out and sent to plaintiff by the bank, crediting it with the amount of the draft.  Plaintiff received the slip on November 17.  On that day and again on November 18, the St. Paul bank presented the draft to defendant.  On each occasion it refused to accept or pay it.  On November 18 the St. Paul bank sent a telegram to plaintiff, stating that the cattle had not arrived and the draft was unpaid, and also a letter to the effect that the draft had not been paid for that reason. The checks Rudisell issued were paid on November 15 and 17. . The cattle were shipped on November 18, before plaintiff had notice that the draft had not been paid.  On November 18 defendant received from the railway agent at McClusky a telegram in response to one it had sent him, informing it that the cattle had been shipped that day.  The cattle arrived at South St. Paul on November 19.  Defendant took possession of and sold them on November 20.  The net proceeds of their sale was $1,385.52.  Claiming that Rudisell was indebted to it in the sum of $1,221.09 on account of overdrafts on previous shipments, defendant retained that amount and sent him

a check for the balance of $164.43. Thereupon plaintiff brought this action to recover the amount of the draft.

The complaint alleged that it was the intention of plaintiff and Rudisell that the draft should constitute an assignment of the proceeds of the sale of the cattle to the extent of $1,250, and that defendant had notice of such assignment when it received the cattle. The case was tried by the court without a jury. It was found that, in consideration of the money advanced to pay for the cattle, Rudisell agreed to assign and did assign to plaintiff $1,250 of the proceeds of their sale, and consigned the cattle to defendant, who received them with full knowledge and notice of the assignment. Judgment in plaintiff's favor was ordered, and defendant has appealed from a denial of a new trial.

1. It urges, first, that the finding of an assignment is not supported by the evidence. While the evidence is neither full nor definite as to the transaction between Rudisell and the plaintiff, it may fairly be inferred that it was agreed that plaintiff should furnish the money to pay for the cattle; that Rudisell should draw on defendant for the amount in advance of the shipment and be allowed to issue checks to pay for the cattle; that shipment was not to be made until sufficient time had elapsed to enable plaintiff to have the draft presented for acceptance, and that it should be paid out of the proceeds received by defendant upon the sale of the cattle. In short, the evidence permits the inference that it was Rudisell's purpose to transfer enough of such proceeds to repay the money furnished him to buy the cattle; that he intended to give plaintiff an interest in the proceeds and made the draft to carry out his intention, receiving a valuable consideration from the plaintiff. As between them, under these circumstances there was an equitable assignment of $1,250 of such proceeds. Canty v. Latterner, 31 Minn. 239, 17 N. W. 385; Griggs v. City of St. Paul, 56 Minn. 150, 57 N. W. 461; Pomeroy, Eq. Jur. § 1280; Story, Eq. Jur. §§ 1404, 1408; 5 C. J. p. 837 and section 78, p. 909; 2 R. C. L. p. 614, § 21. The fact that there were no funds in defendant's hands when the draft was drawn did not defeat the assignment. Hillsdale Distillery Co. v. Briant, 129 Minn. 223, 152 N. W. 265; Brill v. Tuttle, 81 N. Y.

454, 37 Am. Rep. 515; Merchants & Miners Nat. Bank v. Barnes, 18 Mont. 335, 45 Pac. 218, 47 L. R. A. 737, 56 Am. St. 586.

It is the rule in this as in most other jurisdictions that before acceptance a draft, payable generally, and not out of any particular fund or debt, will not operate as an assignment of funds in the hands of, or a debt due from the drawee to the drawer. Lewis v. Traders' Bank, 30 Minn. 134, 14 N. W. 587; Northern Trust Co. v. Rogers, 60 Minn. 208, 62 N. W. 273, 51 Am. St. 526; Wasgatt v. First Nat. Bank, 117 Minn. 9, 134 N. W. 224, 43 L. R. A. (N. S.) 109, Ann. Cas. 1913D, 416; Live Stock State Bank v. Hise, 150 Minn. 301, 185 N. W. 498. But an unaccepted draft payable generally may operate as an assignment, if the facts and circumstances clearly indicate that such was the intention of the parties, and proof of such facts and circumstances may be made. Fourth Street Bank v. Yardley, 165 U. S. 634, 17 Sup. Ct. 439, 41 L. ed. 855; Muller v. Kling, 209 N. Y. 239, 103 N. E. 138; Throop G. C. Co. v. Smith, 110 N. Y. 83, 17 N. E. 671; Hove v. Stanhope State Bank, 138 Iowa, 39 115 N. W. 476; Kahnweiler v. Anderson, 78 N. C. 133. If the defendant had notice that the draft was intended to give plaintiff an interest in or entitle it to receive funds coming into its hands from the sale of the cattle, and, with such notice, it took possession of and sold them, it became liable to plaintiff. First State Bank v. Thuet, 88 Minn. 364, 93 N. W. 1; Fourth Street Bank v. Yardley, supra; Hove v. Stanhope State Bank, supra; In re Hollins, 215 Fed. 41, 131 C. C. A. 349, L. R. A. 1915B, 438; Gardner v. Nat. Bank, 54 Tex. Civ. App. 572, 118 S. W. 1146; Nutting v. Sloan, 57 Ga. 392; Hall v. First Nat. Bank of Emporia, 133 Ill. 234, 24 N. E. 546; McCausland v. Wheeler Sav. Bank, 43 Ill. App. 381.

The trial court found that the draft was presented twice before defendant received the cattle; that it refused to accept or pay it on the ground that they had not arrived, but subsequently received them with notice of the assignment to plaintiff. It cannot well be questioned that when defendant received and accepted the shipment it had knowledge that plaintiff had an outstanding draft entitling it as against Rudisell to receive $1,250 out of the proceeds of the sale of the cattle. In addition to evidence establishing the

facts specially referred to in the findings, there was proof, to which we have already adverted, of the practice followed by the parties with respect to prior shipments. We are of the opinion that enough was shown to justify the finding that defendant was charged with notice of plaintiff's right to receive part of the proceeds of the sale of the cattle.

2. The fact that the bill of lading was not attached to the draft or issued or delivered to plaintiff is entitled to consideration, but is not so inconsistent with the existence of an assignment as to defeat a recovery. The Federal Bills of Lading Act (chapter 415, 39 U. S. St. at Large 538), defining the rights and duties of interstate carriers, does not fix the rights of the parties to such a transaction as we have here.

3. Section 5939, G. S. 1913, provides that the drawee is not liable on a bill of exchange unless he accepts it, and section 5944 requires the acceptance to be in writing and signed by the drawee. Citing James River Nat. Bank v. Thuet, 135 Minn. 30, 159 N. W. 1093, defendant contends that in no event can it be held on a draft which it did not accept in the manner thus prescribed. The rule that, in the absence of his written acceptance, a drawee is not liable on a draft, was a rule of the common law which has been incorporated in the statute. Crawford, Neg. Inst. Law, § 127. We think it has no application to this case. There is respectable authority for the proposition that, if one to whom goods are consigned for sale receives the consignment with notice that the consignor has made a draft on him on the credit of the goods, he is bound to accept the draft. He may not take and retain the consignment with such notice and repudiate the draft. The acceptance of the goods is deemed the equivalent of a promise to accept the draft. Nutting v. Sloan, supra; Mercier v. Copelan, 73 Ga. 636; McCausland v. Wheeler Sav. Bank, supra; Hall v. First Nat. Bank of Emporia, supra; Fisher v. Shenandoah Bank, 37 Ill. App. 333; Lowery v. Steward, 25 N. Y. 239, 82 Am. Dec. 346; Helm v. Meyer, Weis & Co. 30 La. Ann. 943, 945; 1 Parsons, Notes & Bills, 291. These authorities sanction a recovery from the consignee on the theory that under such circumstances the proceeds of the sale of the consignment are

received for the payee who has a cause of action for money had and received to his use. Strictly speaking, the consignee is not charged with liability on the draft, but on the contract implied from his acts. This doctrine has our approval and leads to the conclusion that under the circumstances of this case the law presumes that defendant in effect contracted to pay $1,250 to the plaintiff, although there was no express agreement or understanding to that effect and no acceptance of the draft in the manner prescribed by the statute. See Deane v. Hodge, 35 Minn. 146, 150, 27 N. W. 917, 59 Am. Rep. 321; Heywood v. Northern Assurance Co. 133 Minn. 360, 158 N. W. 632, Ann. Cas. 1918D, 241.

All assignments of error have been considered. Those not covered by the foregoing discussion are regarded as unimportant.

Order affirmed.