**Frank Fornoff, Appellant, v. Jacob T. Smith, Appellee.**

Opinion filed June 8, 1935. Rehearing denied September 5, 1935.

FRANK FORNOFF, of Mt. Carmel, *pro se.*

M. J. WHITE, of Mt. Carmel, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

On January 5, 1934, in the circuit court of Wabash county, after protracted litigation, C. C. McMahel obtained a judgment against Jacob T. Smith, appellee, in the sum of $1,333.33, and on the same day agreed with Frank Fornoff, appellant, who was then and had been his attorney in the litigation, that the latter should have as his compensation therefor the sum of $666.66. An appeal was taken from this judgment, which this court affirmed on September 6, 1934.

At the time of the rendition of such judgment on January 5, 1934, McMahel was indebted to appellee upon a note for $600, dated August 25, 1927, due in six years, with interest at four per cent, no part of which, either principal or interest, had been paid. On August 21, 1934, judgment was entered on said note in favor of appellee, and against McMahel in the sum of $827.

On January 13, 1934, Roy E. Boyles, as administrator of the estate of Charles L. Boyles, deceased, procured a judgment in the same court against McMahel for $1,208.52, execution issued thereon, returned no property found, and on January 28, 1934, Boyles, as such administrator, instituted garnishment proceedings against appellee, as judgment debtor of McMahel.

On May 17, 1934, appellant served upon appellee a written notice of attorney's lien as McMahel's attorney in procuring the $1,333.33 judgment, and thereafter started suit against appellee to enforce the attorney's lien. The latter answered that McMahel was indebted to him upon the note, and claimed a credit therefor of $752.66; also filed as counterclaims the judgment entered upon such note, and the garnishee proceedings instituted before the service of the notice for the attorney's lien.

By agreement of the parties, the two causes were consolidated and submitted jointly to the court, who

dismissed the complaint of appellant and gave judgment to Boyles, the garnishor, in the amount of $580.67, being the difference between the judgment of McMahel against appellee, in the sum of $1,333.33, and the amount due from McMahel to appellee at the date of January 5, 1934, or $752.66. From these orders appellant, Frank Fornoff, alone appeals, assigning numerous reasons why they should be reversed.

Appellee invokes the general rule that he, as garnishee, was only liable to McMahel, his judgment creditor, for the balance remaining after deducting all demands which he had against McMahel at the time such judgment was entered; and such is the law of Illinois. Cahill's St. ch. 62, ¶ 13. *Finch v. Alexander County Nat. Bank,* 65 Ill. App. 337; *Bank of Commerce v. Franklin,* 90 Ill. App. 91.

Appellant seeks to avoid the force of the rule by applying pars. 59 and 60, and the 5th paragraph of par. 61, Cahill's St. ch. 77. Said pars. 59 and 60 provide for the set-off, between the same parties, of executions which have been issued against each other, while paragraph 5 prohibits such application "to so much of the first execution as is due to the attorney in that suit for his fees and disbursements therein."

Appellant's claim is grounded entirely upon the attorney's lien which he contends was perfected by serving notice of the claim for lien May 17, 1934, as evidenced by the allegations of the complaint "that by reason of entering into the said contract for rendering the services as an attorney at law, and rendering the said services, and the giving of the said notice of attorney's lien, the said plaintiff is entitled to an attorney's lien on the said judgment heretofore entered in the said cause, in the sum of $666.66, and to recover the said sum from the defendant Jacob T. Smith." Having assigned such as the basis of his cause of action, he is bound by and limited, in right of recovery, to the ground pleaded.

It is a fundamental rule, with no exceptions, that a party must recover, if at all, on and according to the case he has made for himself by his pleadings. He cannot make one case by his averments, and have judgment on another and different ground, even though the latter is established by the proof. *Feder v. Midland Casualty Co.*, 316 Ill. 552; *Moss v. Johnson*, 22 Ill. 633; *Lake St. Elevated R. Co. v. Shaw*, 203 Ill. 39.

Appellant moved to strike the counterclaims, which motion was overruled. He did not, by reply to the answer, seek to avoid the force of the defense therein pleaded, that McMahel was indebted to appellee, at the time the $1,333.33 judgment was entered, in a sum in excess of the amount for which appellant claimed a lien. He did not, by reply thereto, assert the provisions of said paragraph 5 of par. 61, as a relief against the defense thus pleaded, but relied solely upon the allegations of his complaint; that is, that his rights were predicated entirely upon the statutory attorney's lien, which he asserted became consummate by serving appellee, on May 17, 1934, with notice of the claim for lien. Having chosen to rest his claim upon such allegations, he is bound thereby and limited thereto, and cannot claim the benefit of the terms of said paragraph, as held in the authorities cited.

It is further contended that appellee having placed the $600 note in judgment, it no longer has a legal existence; that it became merged in the judgment, and that all original rights incident to its ownership are extinguished by the greater security of the obligation of the judgment of record.

As we have seen, section 13 of the Garnishment Act, Cahill's St. ch. 62, ¶ 13, provides that the garnishee may set off against the judgment creditor, as well as the judgment debtor, any demands he may have against them or either of them. At the time of service of the garnishee summons, McMahel was indebted to appellee

upon the note, $752.66, which the latter was entitled to offset against the judgment of the former. It can make no difference that he thereafter entered the note in judgment; it was the same indebtedness, though in a different form, and related to the same obligation.

Appellant further insists that the garnishment proceeding cannot avail as against his claim for lien; that the long delay of the progress of the same amounted to an abandonment of the proceeding. It must be borne in mind that an appeal was perfected upon the $1,333.33 judgment, which this court did not dispose of until September 6, 1934, hence there could not properly have been any termination of the garnishment proceedings until after it had been so decided; nor could the garnishee, appellee herein, have properly made answer to the interrogatories until this court had decided the appeal and he knew whether, in truth, McMahel had a judgment against him. We think the garnishment suit proceeded with legitimate speed and reasonable celerity.

The claim of appellant for an attorney's lien did not become perfected, nor the lien consummate, until May 17, 1934, the date when a written notice thereof was served upon appellee. Cahill's St. ch. 13, ¶ 13. *Baker v. Baker,* 258 Ill. 418. On January 28, 1934, garnishee summons was served upon appellee, and thereby the rights of Boyles, administrator, the garnishor, became fixed.

The authorities, as we understand them, hold that the service of a writ of garnishment upon a debtor of the principal defendant, creates a right in the debt due him by the garnishee, superior to any lien or privilege subsequently acquired against the debt. *Nesbitt v. Dickover,* 22 Ill. App. 140; *Shaver Wagon & Carriage Co. v. Halsted,* 78 Iowa 730, 43 N. W. 623; *Rickman v. Rickman,* 180 Mich. 224, 146 N. W. 609; *Live Stock State Bank v. Hise,* 150 Minn. 301, 185 N. W.

498; *Nebraska Moline Plow Co. v. Fuehring*, 60 Neb. 316, 83 N. W. 69; *Roberts v. First Nat. Bank*, 8 N. D. 474, 79 N. W. 993; 28 Corpus Juris, p. 256, sec. 353.

In *Nesbitt v. Dickover, supra,* which is the nearest authority in Illinois that we have been able to find, bearing upon this proposition, the court further held that the service of process in garnishment, of itself, works an appropriation of so much of the debt due the judgment debtor, from the garnishee, as equals the amount of the judgment, together with interest and costs.

By application of the rule as stated in the authorities cited, it appears that the rights of the garnishor were fixed on January 28, 1934, by the service of the garnishee summons; that the attorney's lien of appellant did not become effective until May 17, 1934, the date when written notice of the claim for same was served upon appellee, and hence his rights were junior to those of Boyles, administrator.

It is our conclusion, upon the record, that the findings and orders of the trial court are correct.

*Affirmed.*