Dillman vs. Carlin.

DILLMAN, Appellant, vs. CARLIN, interpleaded, Respondent.

*November 11 — November 24, 1899.*

*Bank deposit: Assignment: Garnishment.*

A depositor in a savings bank gave a check for his entire deposit, intending thereby to transfer it in payment for personal property. Neither party knew that, under the rules of the bank, the fund could be withdrawn only upon presentation of the proper depositor's book. Upon learning of said rule the drawer of the check delivered the depositor's book to the payee, but before presentation of the check the bank was garnished in a suit against the drawer. After the check was presented the bank paid the money into court and was discharged, and the payee was interpleaded in the garnishment proceedings. *Held* that, as between the payee and the garnishing creditor, the former was entitled to the fund.

Dillman vs. Carlin.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This was a garnishee action. The principal defendant, Schmidt, having $150 to his credit in the savings department of the Citizens' National Bank of Milwaukee, gave his check in due form to *P. H. Carlin,* the respondent, for the whole thereof, intending thereby to transfer such credit to him to pay for a horse and some other personal property. The bank credit was not subject to be drawn on by check, or otherwise than by the depositor or his assignee presenting the proper depositor's book. That condition was not known or understood by either Schmidt or *Carlin* when the transaction mentioned took place. It thereafter came to their knowledge, whereupon Schmidt delivered his depositor's book to *Carlin.* About eight days after *Carlin* received the check, and before he presented it for payment, the bank was garnished by appellant. Two days afterwards the check was presented for payment, but was not paid because of the pendency of the garnishee suit. The bank answered in such suit, admitting the indebtedness to Schmidt, alleging a willingness to pay the same to the person legally entitled thereto, and submitting the question as to the ownership of the fund to the court, asking, however, to be allowed to discharge itself from liability by paying the money into court. That request was granted and the money was so paid. Thereupon *Carlin* was interpleaded as a defendant and the controversy was tried directly between the two claimants for the money. The court found that *Carlin* was the *bona fide* owner and holder of the check for value; that he received it in the regular course of business and in good faith; that he became such owner and holder before the commencement of the garnishee suit; that the bank credit upon which the check was given was in the savings department of the bank and not subject to be drawn by check under the rules of the bank, except upon presentation of the depos-

itor's book, which fact was not known to either *Carlin* or Schmidt when the check was given and received; that the check was given with intent to transfer the bank credit to *Carlin*, and that as soon as Schmidt learned that presentation of the depositor's book was requisite to secure payment of the money, he delivered it to *Carlin*. Upon such facts the court decided as a matter of law that the check holder was the equitable owner of the money and entitled thereto in preference to the appellant. Judgment was rendered accordingly.

For the appellant there was a brief by *Sheridan & Evans*, and oral argument by *Philip Sheridan*. They contended, *inter alia*, that when a check is for the full amount on deposit it does not amount to an equitable assignment unless presented by the payee and accepted. *Lunt v. Bank of N. A.* 49 Barb. 221; *Att'y Gen. v. Continental L. Ins. Co.* 71 N. Y. 325; *Laclede Bank v. Schuler*, 120 U. S. 511; *Imboden v. Perrie*, 13 Lea, 506; *Chapman v. White*, 6 N. Y. 412; *Second Nat. Bank v. Williams*, 13 Mich. 282. When a check has not been presented until after the bank has been garnished, the fund is liable to garnishment. *Imboden v. Perrie*, 13 Lea, 504; *Commercial Bank v. Chilberg*, 14 Wash. 247; *Kuhn v. Warren S. Bank*, 11 Atl. Rep. 440; *McIntyre v. Farmers & M. Bank*, 115 Mich. 255; 5 Am. & Eng. Ency. of Law (2d ed.), 1056, note; *Duncan v. Berlin*, 60 N. Y. 151.

For the respondent there was a brief by *Greene, Vroman, Fairchild, North & Parker*, and oral argument by *J. R. North*.

MARSHALL, J. These two questions are presented for decision on this appeal: (1) Are the findings to the effect that the respondent took the check from Schmidt for value and in good faith as to the latter's creditors, and with intent on the part of both parties to the transaction that the bank credit drawn upon should thereby be assigned to respond-

ent, supported by the evidence? (2) Did such facts constitute respondent the legal or equitable owner of the indebtedness of the bank to Schmidt?

The first proposition is ruled by the familiar doctrine that findings of fact made by a trial court cannot be disturbed on appeal unless contrary to the clear preponderance of the evidence. Applying that test to the record, no error is discovered.

The second proposition is ruled by *Pease v. Landauer*, 63 Wis. 20, and *Skobis v. Ferge*, 102 Wis. 122. At least since the decision in the first case cited, it has been the law of this state that if the owner of a bank credit give a check thereon, for value, to another, with intent to transfer such credit, or a part of it, to such other, the latter will thereby be constituted at least the equitable owner of such fund or sufficient thereof to satisfy the check, so that whether the bank be legally liable to the check holder or not, if by any means the parties interested are brought into a court of equity while the bank is yet the debtor and can be protected against paying its debt twice, and it stands indifferent as to who gets the money so long as it is protected, the check holder will be preferred to the drawer or any subsequent claimant, whether by assignment of the drawer or by legal process served upon the drawee. In the *Skobis Case* that rule was affirmed and applied.

It is well understood that there is much conflict in the authorities as to the rights of a holder of a bank check or order payable out of a particular fund under such circumstances as exist in this case. It is useless to try to harmonize them or do more than to recognize the existence of the conflict.

The law of this state, as indicated, is firmly established. It accords with what is stated by standard text writers to be the true doctrine. Daniel, Neg. Inst. §§ 22, 1638, 1643. A check for a part of a bank credit, intended to transfer

such credit, *pro°tanto*, operates that way in equity as against any subsequent claimant thereof, saving the rights of the drawee, particularly as to being obliged to pay such part of the fund twice. A check intended to transfer an entire fund operates that way at law, saving, as before, the rights of the drawee, timely and sufficient notice being required to fix its liability to the assignee. The whole subject referred to was so thoroughly discussed by Mr. Justice DODGE in the *Skobis Case* that most questions that are likely to arise in respect to the rights of the owner of a check or order for payment out of or by a fund in the hands of the drawee, will be found there sufficiently answered.

*By the Court.*— The judgment of the circuit court is affirmed.