BOWKER v. HAIGHT & FREESE CO. et al.

(Circuit Court, S. D. New York. May 26, 1906.)

1. ASSIGNMENTS—CHECK AS ASSIGNMENT OF FUNDS ON DEPOSIT IN BANK.

Both at the common law and under the New York statute a check does not operate as an assignment of funds on deposit to the credit of the drawer in the bank against which the check is drawn until it has been accepted or certified by the bank.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Assignments, §§ 89–94.]

2. RECEIVERS—RIGHT TO POSSESSION OF PROPERTY—BANK DEPOSIT.

An attorney who received a check from a corporation as a retainer for services to be rendered, and who presented and received payment of the check after he had knowledge that a receiver had been appointed for the property of the corporation, will be required to turn over the sum so received to the receiver.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receivers, §§ 117–123.]

On Motion by the Receivers to Compel Mr. Franklin Bien to Pay Over to Them the Sum of $2,000.

Fredk. J. Moses, for the motion.
Franklin Bien, opposed.

LACOMBE, Circuit Judge. There is no dispute as to the facts, and the conclusion to be drawn from such facts is abundantly settled by authority. The Haight & Freese Company was a corporation, with which, prior to May 9, 1905, Mr. Bien apparently had no business relations. It was a New York corporation, had its principal office and transacted business here, and had a branch office in Boston. On May 8, 1905, the United States Circuit Court in Massachusetts, in an action brought in that court, appointed Mr. James D. Colt a receiver of the property of the corporation within that jurisdiction. On the morning of May 9th Mr. Bien was informed of that proceeding, and was retained for the company for the purpose of proceeding at once to Bos-

ton to protect the interests of the corporation. He demanded a retaining fee of $2,000. Thereupon a check for $2,000, dated May 9th, drawn by the defendant company upon the Colonial Bank, in which it kept a deposit account, was delivered to Mr. Bien. It was drawn to the order of "Harvey Watson, Manager," and indorsed, "Pay to the order of Franklin Bien on account of retainer. Harvey Watson, Mgr." At the time of these transactions, which took place in the morning, no receiver had been appointed in this jurisdiction, but later in the same day, the papers in this suit being presented to the court, Mr. Colt and Mr. Walter D. Edmonds were appointed receivers of the property of the defendant corporation in this jurisdiction, and about 4 p. m. said receiver, Edmonds, having duly qualified, went to the office of the company, served a certified copy of the order upon the proper officer, and demanded delivery of all its property and assets. The papers were promptly turned over to Mr. Bien, and he was, some hours after he had received the check, informed that receivers had been appointed in this jurisdiction. This check was not presented to the bank until the next day, when it was certified; the bank not having yet been advised of the appointment of receivers. Subsequently it was paid to Mr. Bien.

The statute law of this state provides that "a check, of itself, does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." Negotiable Instruments Law, Laws 1897, p. 756, c. 612, § 325. This is but a statutory expression of what was before the well-settled law in both the state and federal courts (Attorney General v. Continental Life Ins. Co., 71 N. Y. 325, 27 Am. Rep. 55; Florence Mining Co. v. Brown, 124 U. S. 385, 8 Sup. Ct. 531, 31 L. Ed. 424), and it disposes of this case.

On the morning of the 10th, when the check was presented for acceptance (certification), there had been no assignment, legal or equitable, of any part of the moneys of the Haight & Freese Company on deposit with the Colonial Bank. The bank was debtor to the company for whatever balance stood to the latter's credit, which it was to pay out on the order of the corporation. Down to the time when the bank actually executed its acceptance, payment of the check might have been countermanded by the company, and in such case it would be the duty of the bank to refuse payment. The money on deposit was property of the company which was not turned over to Mr. Bien until the morning of the 10th, when the check was certified, and at that time he knew that receivers in this jurisdiction had been appointed, and that he was receiving from the bank money which should be turned over to them. As an employé of the company, its retained counsel, and as an officer of this court, he may not retain in his possession property of the company thus obtained.

Receivers may take an order directing payment, with interest, within 10 days.