7673

## SOUTHERN SEATING AND CABINET CO. v. THE FIRST NATIONAL BANK.

CHECKS.—A BANK is liable for a second check drawn in favor of same payee as first containing the note on its face, "If previous check for $500, dated March 9th, is still unpaid," when the drawer has sufficient funds on deposit at presentation of the second check to pay both, the first check being still outstanding.

Before DANTZLER, J., Charleston, November, 1909. Reversed.

Action by Southern Seating and Cabinet Company against The First National Bank. From judgment for defendant, plaintiff appeals.

*Mr. Nathaniel B. Barnwell,* for appellant, cites: *Liability as to duplicate bills:* 40 N. Y., 345; 52 N. Y., 572; 31 N. Y., 382; 48 Am. Dec., 129; 13 Pet., 205; 70 Am. Dec., 469; 31 N. E., 368. *A check is an assignment of so much deposit:* 74 S. C., 210; 12 Rich., 518; 41 S. C., 577; 45 S. C., 569; 54 S. C., 367; 56 S. C., 320; 69 S. C., 374; 77 S. C., 306; 83 S. C., 294; 89 Am. Dec., 436; 49 N. E., 420; 2 Dan. Neg. Inst., sec. 1638; Morse on Bank, 471; 2 Ency., 1055; 40 S. E., 546; 54 S. C., 367; 11 L. R. A., 528; 77 S. C., 306; 7 Cyc., 521; Dan. Neg. Inst., sec. 104; 8 N. E., 834. *The bank's risk:* 48 Am. D., 129. *Protecting the drawer:* 83 S. C., 294; 12 S. C., 354; 22 How., 96.

*Messrs. Buist & Buist,* contra, cite: *Check is an assignment pro tanto:* 12 Rich., 518; 35 S. C., 191; 41 S. C., 178; 43 S. C., 242; 78 S. C., 408; 74 S. C., 210; 83 S. C., 301. *Depositor cannot countermand payment:* 54 S. C., 364; 74 S. C., 210. *Depositor may recover damages for failure to pay check:* 69 S. C., 374; 74 S. C., 210.

September 26, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    On March 9, 1907, Bishop H. P. Northrop sent to the plaintiffs a check for five hundred dollars on The First National Bank of Charleston, S. C. This check has never been presented for payment. The plaintiffs having written Bishop Northrop asking payment of the balance of a debt which the check was intended to pay, Bishop Northrop sent another check written in these words:

"Charleston, S. C., 8th April, 1907. No..... The First National Bank—of Charleston, S. C. Pay to the order of the Southern Seating and Cabinet Company, $500, five

hundred 00-100 dollars if previous check for $500, dated March 9th, is still unpaid.    H. P. Northrop."

This check having been duly presented and payment having been refused when Bishop Northrop had to his credit on his deposit account over five thousand dollars, the plaintiffs sued the bank thereon.    The Circuit Court sustained the bank's defense that it could not be required to pay the second check when it had notice by the writing on the check that the original check covering the same debt was outstanding. The case does not call for a discussion of the rights of the bank and the depositor and the payee when ordinary original and duplicate checks are given; for the depositor on the face of the check gave explicit directions as to the application of his funds which the bank was bound to follow. Having abundant funds to pay both checks, he directed the bank in language which could not be made plainer to pay to the plaintiffs the sum of five hundred dollars and charge it to his deposit account, unless the bank had already paid another check for a like amount dated March 9th, in favor of the same payee.    As the bank had not paid such other check, this check, under the law of South Carolina, became on presentation an assignment *pro tanto* of the deposit account, and the bank became liable to the payee for the amount of the check.    *Loan and Savings Bank* v. *Farmers and Merchants Bank,* 74 S. C., 210, 54 S. E., 364.

There is no risk to the bank in paying the check.    The depositor Bishop Northrop, by the express direction to pay the second check if the first had not been paid, chose to assume all risks as to the first check given by him, including the risk that it might be necessary for the bank's protection that it should hold five hundred dollars of his funds to meet the first check in case it should be presented by a *bona fide* indorsee for value.

The judgment of the Circuit Court is reversed.