## FRANK G. WASGATT v. FIRST NATIONAL BANK OF BLUE EARTH.[1]

January 26, 1912.

Nos. 17,400—(209).

**Bank check — assignment of funds — duty of bank.**
A check on a bank in which the drawer has funds subject to check is an assignment of such funds of the drawer to the amount of the check, which

[1] Reported in 134 N. W. 224.

[Note] Bank check as an assignment of funds drawn upon, see note in 2 L.R.A.(N.S.) 83.

assignment is complete as between the drawer and payee when the check is given, and complete as between the payee or holder and the bank when the check is presented for payment. Upon such presentation, the bank, unless its right to pay has been taken away by some occurrence before presentation, is legally bound to pay the check.

Action in the district court for Faribault county by the executor of the estate of Emeline Erskine, deceased, to recover a balance of $850 belonging to decedent on deposit in defendant bank at the time of her death. The answer alleged that on March 2, 1909, a check upon defendant for $850 duly made, executed and delivered by Emeline Erskine, payable to the order of Polly Perrine, was duly presented to defendant, in the regular course of business, and on that day defendant orally certified said check to be good and promised to pay it upon presentation when properly indorsed; that thereafter the check was presented to defendant for payment by the Farmers National Bank of Blue Earth, and defendant paid the Farmers National Bank the amount of the check, as it was required by law to do; that the first mentioned check was on March 2, 1909, executed and delivered to Polly Perrine by Emeline Erskine for a valuable consideration paid and rendered by said Polly Perrine; that Polly Perrine accepted the check as and for the sum of $850; that the Farmers National Bank bought and paid for the check from the last preceding indorser and that it was an innocent holder for value without notice of any defect or equity against it; that the check was duly returned to plaintiff with other vouchers in the account of Emeline Erskine on or about April 17, 1909. The reply was a general denial. The case was tried before Quinn, J., who made findings and as conclusion of law found that the delivery of the check by Emeline Erskine to Polly Perrine, the presentation thereof to the defendant bank for payment during the lifetime of the drawer and the statement on behalf of defendant bank that the check was good after indorsement operated as an assignment to the amount of the check of the money in the hands of defendant bank to the credit of Emeline Erskine; that under the proofs in the case plaintiff was not entitled to recover and that defendant was entitled to judgment. From an order deny-

ing plaintiff's motion to amend the conclusions of law and order for judgment, or for a new trial, he appealed. Affirmed.

*Albert R. Allen,* for appellant.

*Frank E. Putnam* and *Catherwood & Nicholsen,* for respondent.

BUNN, J.

Plaintiff's testator, Emeline Erskine, died at the home of David E. and Polly Perrine, at Blue Earth City, on the evening of March 1, 1909. She had been living with the Perrines since November, 1908. From December 25, when she was taken ill, to her death, she paid no board, and was cared for by the Perrines. On February 27, she indorsed and delivered to David Perrine a certificate of deposit for $1,500, for the purpose of having the same cashed and the proceeds placed to her credit in the defendant bank, and on the same day the certificate was so cashed, and the proceeds, $1,498.50, deposited to her credit. On the same day Mrs. Erskine delivered to Polly Perrine a check upon the defendant bank for $850. On the following Monday morning, March 1, David Perrine presented the check to the defendant bank for payment, was told that it was good, but that it would have to be indorsed by Polly Perrine, the payee, before payment. The check was again presented to the bank, duly indorsed, on March 2, but payment was refused, because Mrs. Erskine was then dead. Subsequently the check was deposited in the Farmers National Bank of Blue Earth to the credit of Putnam & Nicholsen, presented to the defendant bank in the regular course of business, and paid. Plaintiff demanded of defendant bank payment of $850, and, the demand being refused, brought this action to recover that sum. The case was tried by the court without a jury, findings made substantially as stated above, and judgment ordered for defendant. A new trial was denied, and plaintiff appealed.

1. The record presents squarely the mooted question whether a check on a bank, given for only a part of the funds of the drawer on deposit, is an assignment pro tanto as between the drawer and the payee, and as between the payee and the bank when the check is presented for payment. This question is an open one in this state.

Two propositions are, however, settled by our decisions. The first is that a bill of exchange or draft, payable generally, and not out of any particular fund or debt, will not amount, before acceptance, to an assignment to the holder of funds in the hands of the drawee belonging to the drawer, or of a debt due from the former to the latter. The second is that a draft for the whole of a particular specified fund or debt, or a check on a bank for the whole of the fund on deposit to the credit of the drawer, amounts in equity to an assignment of such fund or debt, even without acceptance. Lewis v. Traders Bank, 30 Minn. 134, 14 N. W. 587; Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L.R.A.(N.S.) 828, 117 Am. St. 694.

But upon the question whether a check drawn for part of the funds of the drawer is an assignment pro tanto, the authorities outside of this state are in hopeless conflict, and while the question was discussed at some length by this court in Northern Trust Co. v. Rogers, 60 Minn. 208, 62 N. W. 273, 51 Am. St. 526, and in Varley v. Sims, we have never decided it. It was said by Justice Brown in the Varley case that "it is probable that the reasoning of those courts holding to the position that a check operates, between the parties, as an assignment pro tanto, is the better law, and should be adopted." This statement, while not a decision, indicates the views held by the court on the question, and the full and able arguments in this case convince us that the views so indicated are sound.

The question has been so often and so thoroughly discussed that an extended opinion is unnecessary. The rule that an order, bill of exchange, or draft drawn by a creditor on his debtor for a part of the debt is not an assignment pro tanto rests upon the basis that the debtor cannot be subjected to several actions by different parties to recover portions of one debt. The rule is wholly for the protection of the debtor. When he consents to the splitting up of the debt, the basis for the rule disappears, whether the consent is in the form of an acceptance when the order or draft is presented, or in any other form. The relation between a bank and its depositor is that of debtor and creditor. The bank agrees, when the relation is created, to pay the checks of the depositor when presented, whether drawn for

the whole or a part of the deposit. It is the universal understanding between banks and their depositors arising from the customs of trade that the checks of the latter are to be paid upon presentation. 2 Daniel, Negotiable Instruments (4th Ed.) § 1638.

The objection that there is no privity between the bank and the payee or holder of the check is without substance under the modern rule that a person in whose favor a contract is made may sue upon it, though not a party to it, and such objection entirely disappears when the check is presented for payment. By that act the payee and the bank are brought in privity, and the right of the payee against the bank is complete. Without further discussion of the authorities, or of the reasons for and against the so-called "new doctrine," we hold that a check on a bank in which the drawer has funds on deposit subject to check is an assignment of such funds of the drawer to the amount of the check, which assignment is complete as between the drawer and payee when the check is given, and complete as between the payee or holder and the bank when the check is presented for payment. Upon such presentation the bank, unless its right to pay has been taken away by some occurrence before presentation, is legally bound to pay the check. When, therefore, the check was presented to the defendant bank in this case, it became legally obligated to pay it.

It is unnecessary, in view of this holding, to decide whether there was an acceptance of the check by defendant bank.

2. Plaintiff contends that the findings do not show that the check was given as a gift causa mortis, and in any event that a check by Mrs. Erskine on her own bank would be inoperative as a gift causa mortis. No question of a gift causa mortis or a gift inter vivos is involved. The evidence is not before us, and there is no claim that it does not sustain the findings. The findings show a check given for a valuable consideration. The check itself imported a consideration, and the burden was upon plaintiff to show want of consideration.

Our conclusion is that the trial court was right in holding that plaintiff was not entitled to recover.

Order affirmed.