FRANCES M. FARRINGTON, APPELLEE, V. F. E. FLEMING
COMMISSION COMPANY ET AL., APPELLEES; MERCHANTS
BANK OF ST. JOSEPH, APPELLANT.

FILED JUNE 16, 1913. No. 17,304.

1. **Garnishment: ANSWER: RIGHTS OF THIRD PARTY.** When a garnishee answers that he has money in his hands belonging to the judgment debtor, it is proper to allow one who claims the money, and is not a party to the proceedings, to appear and contest the right of the plaintiff to apply the money on his claim.

2. ————: APPLICATION OF FUND. The effect of service upon the garnishee is to impound the funds in his hands. It is the duty of the garnishee to pay the money in his hands to the party having the better right as determined by the court. Only the interest of the attachment debtor can be applied upon the plaintiff's claim.

3. ————: BANK DEPOSIT: OUTSTANDING CHECK. Before the enactment of section 188 of the negotiable instrument act (laws 1905, ch. 83) this court held that the holder of a check might maintain an action thereon against the bank on which it was drawn if the maker of the check had a general deposit in the bank subject to the check, when it was presented to the bank. *Fonner v. Smith*, 31 Neb. 107. This was upon the ground that as between the maker and holder the check transferred the deposit *pro tanto*. Without determining in this case the effect of that section on the rights of the bank, it is *held* that, when the holder in good faith has paid the maker in full for the check, the deposit is not subject to garnishment at the suit of another creditor of the maker.

APPEAL from the district court for Richardson county: LEANDER M. PEMBERTON, JUDGE. *Reversed with directions.*

*Waggener & Challis* and *Edwin Falloon*, for appellant.

*Reavis & Reavis*, contra.

SEDGWICK, J.

The plaintiff began this action in the county court of Richardson county against the defendant, the F. E. Flem-

ing Commission Company, to recover money claimed to be due from that company, and procured the Richardson County Bank, doing business at Falls City, Nebraska, to be summoned as garnishee; the commission company at that time having a deposit account in that bank. Afterwards the Merchants Bank of St. Joseph, Missouri, intervened and claimed $1,200 of the deposit. The commission company was a corporation doing business at St. Joseph, Missouri, and drew a check for $1,200 upon its account in the Richardson County Bank in favor of the Merchants Bank of St. Joseph, and received the money thereon from that bank. There were several transactions between the commission company and the St. Joseph bank, but as no question is made in this case upon those transactions we state simply the legal effect thereof. The garnishment above stated was not issued and served upon the Richardson County Bank until after the commission company had given the check to the St. Joseph bank and received the money thereon. It will be seen that the controversy here is between the plaintiff and the St. Joseph bank. It appears from the answer of the garnishee that, when it was served with process, it held in the deposit account of the commission company the sum of $1,237.56. The district court entered a judgment in favor of the plaintiff and against the commission company for the amount of the plaintiff's claim, and ordered the Richardson County Bank, as garnishee, to apply the deposit in payment of the judgment. The St. Joseph bank has appealed.

The intervener insists that the check of the commission company, which was paid by the intervener, creates an equity in the deposit in his favor as against the commission company, so that that deposit was not liable to attachment in the suit of a third party against the commission company. The plaintiff contends (1) that section 188 of the negotiable instrument act (laws 1905, ch. 83) applies, and that under that section the holder of a check has no equitable right in the deposit on which the check

is drawn; (2) that the St. Joseph bank "has no standing in court, either to have its claim heard, or to appeal from a determination of its claim adverse to its contention." The contention is that the matter in litigation was the disputed claim of the plaintiff against the commission company, and that as the St. Joseph bank was not interested in that claim it could not intervene under section 1047, Ann. St. 1911 (code, sec. 50a). But the matter in litigation was not only the claim of the plaintiff against the commission company, but also the deposit in the bank, and if the St. Joseph bank was interested in, and entitled to, that deposit, it would be entitled to protect that interest. We think the court did not err in allowing the St. Joseph bank to appear and resist the application of the deposit to the payment of the plaintiff's claim against the commission company.

Section 188 of the negotiable instrument act is as follows: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." Before the enactment of that section this court held that the holder of a check might maintain an action thereon against the bank upon which it was drawn, if the maker of the check had a general deposit in the bank subject to check at the time the check was presented to the bank. *Fonner v. Smith*, 31 Neb. 107. The courts of some of the states held the same doctrine, but the supreme court of the United States and the courts of other states held that, under such circumstances, the holder of the check could not maintain an action against the bank, and that his right of action was against the maker of the check alone. *Bank of the Republic v. Millard*, 10 Wall. (U. S.) 152. This holding of the supreme court of the United States was expressly put upon the ground that the relation of depositor and banker is that of debtor and creditor. The moment the deposit is made it becomes part of the property of the bank, under a contract to repay the amount to

the depositor or to his order, at such time and in such amount as he may direct. The funds are no longer the funds of the depositor, but of the bank, and the depositor is the creditor for the principal sum. He has a right to draw for them in such sums as he may see fit. The obligation of the banker to the depositor is perfect. The latter may maintain an action for the whole deposit; he may countermand any and all the checks he has given; if he has funds when the check is presented, he may maintain an action on the case for a refusal by the banker to pay his check. The effect would be that a right of action for the same money in the hands of a third party existed in two persons upon one promise at the same time. The conflict in the two lines of cases was as to the position of the bank with reference to the fund, and not as to the equitable rights in the deposit of the maker and holder of the check, respectively. It appears to us that the holding of the supreme court of the United States and of those courts that followed that decision was more applicable to the common law practice and proceedings, and the reasoning of Mr. Justice MAXWELL in *Fonner v. Smith, supra,* was more applicable to the practice and proceedings under the code. Under the code practice it seems more natural to allow the action to be brought by the holder of the check as the real party in interest than to limit the liability of the bank to the old common law "action on the case" by one who would appear in equity to have transferred his interest in the deposit to another. If the effect of the negotiable instrument act is to adopt the rule that no action against the deposit bank can be maintained upon the check by the holder "unless and until it accepts or certifies the check," which it is not necessary now to decide, still that section is not applicable to the facts in this case. This plaintiff is not claiming under the negotiable instrument act. The effect of service upon the garnishee is to impound the funds in the hands of the garnishee. The bank holding the deposit is not directly interested in this litigation. Its duty as garnishee is to pay the money to

the party having the better right to it, as determined by the court. The commission company had money on general deposit in the garnishee bank, and procured that money from the St. Joseph bank by drawing its check against that deposit in favor of the St. Joseph bank. The St. Joseph bank clearly has a better right to the deposit than the commission company has, and this plaintiff by garnishment could obtain no better right than her debtor had.

The order of the district court applying the deposit on the plaintiff's judgment is reversed, and the cause remanded, with instructions to enter a judgment for intervener bank against the commission company for $1,200, with protest fees and interest from the date of the check, and order the garnishee, to pay the money in its hands into court to be applied on said judgment; all costs to be taxed against the plaintiff.

REVERSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.