JOSEPH L. MILLER, APPELLEE, v. WILLIAM MUNCE; H. H. VANDEVENTER, INTERVENER, APPELLANT.

FILED OCTOBER 2, 1915. No. 18187.

Justice of the Peace: APPEAL: JURISDICTION: PROCEDURE. Section 4809, Ann. St. 1911, gave the defeated party the right to either appeal or prosecute error from a judgment of the county court; and when no trial was had, and the court had merely construed the pleadings, or some of them, no motion for a new trial was necessary in order to give the district court jurisdiction on appeal.

APPEAL from the district court for Scott's Bluff county: RALPH W. HOBART, JUDGE. *Reversed.*

*Morrow & Morrow,* for appellant.

*Beach Coleman,* contra.

MORRISSEY, C. J.

Appellee brought this action in the county court of Scott's Bluff county against William Munce to recover a balance due for merchandise sold and delivered to Munce, and summoned as garnishee the Scottsbluff Sugar Company. The sugar company admitted having received a shipment of beets from the defendant, and that it had to his credit $502. This money was paid into the county court. H. H. Vandeventer filed a petition in intervention, claiming that he was the owner of the land on which these beets were raised; that he leased the land to the defendant Munce for a crop rental, the intervener to receive three-fourths of all the crops raised and Munce one-fourth; that the debt owing by the sugar company is the proceeds of the beets so raised on the intervener's land; and alleged that the defendant Munce had received more than his share

of the crop; and asked that judgment be entered in his
favor for the entire amount in the hands of the sugar com-
pany. Defendant Munce made no appearance. Plaintiff
demurred to the petition of intervention. The county court
sustained the demurrer, dismissed the petition, and en-
tered judgment by default against the defendant Munce.
The intervener filed an undertaking conditioned for the
payment of the judgment and costs if judgment should be
entered against him, and appealed the cause to the dis-
trict court. Plaintiff's demurrer to the petition of inter-
vention was overruled by the district court. Subsequently
plaintiff filed a motion to dismiss the appeal of intervener,
alleging that the district court could acquire no jurisdic-
tion of the subject matter on appeal; that it had no juris-
diction of the subject matter sought to be subjected to the
claims of the intervener; that the intervener had filed no
petition in error in the district court, and had filed no
motion for new trial in the county court. The court en-
tered an order sustaining the motion, and directing that
the appeal be "quashed, for the reason that this court can
acquire no jurisdiction of this cause by appeal, and for
the reason that intervener has filed no petition in error in
this cause." The intervener took an exception, and has
brought the cause here for review.

Section 4809, Ann. St. 1911, in force at the time, pro-
vided: "In civil actions brought under the provisions of
this chapter either party may appeal from the judgment
of the probate court, or prosecute a petition in error, in
the same manner as provided by law in cases tried and
determined by justices of the peace." This is so plain
that it cannot be questioned that the statute provides for
appeals from the county to the district court. Perhaps
the intervener might have prosecuted error proceedings,
but by appeal he removed the whole cause to the district
court, as the statute gave him the right to do.

It is insisted by appellee that the district court was
without jurisdiction to hear the cause on appeal because
no motion for new trial was made in the county court.
That question was decided adversely to the contention of

appellee in *O'Donohue v. Hendrix,* 13 Neb. 255, where the court said: "A motion for a new trial is necessary only in those cases where a trial has been had. If the court has merely construed the pleadings, or some of them, as in sustaining or overruling a demurrer to a petition, answer or reply, no motion for a new trial is necessary."

It is also contended by appellee that intervener had no remedy except to proceed under section 8441, Rev. St. 1913; but that question was settled in *Farrington v. Fleming Commission Co.,* 94 Neb. 108, where the court said: "When a garnishee answers that he has money in his hands belonging to the judgment debtor, it is proper to allow one who claims the money, and is not a party to the proceedings, to appear and contest the right of the plaintiff to apply the money on his claim."

The correctness of the ruling of the county court is not before us. The district court has already overruled the demurrer, and no appeal has been taken from that order. It therefore follows that the only question before the court is the order made quashing intervener's appeal and dismissing the petition. This order is reversed and the cause remanded for further proceedings.

REVERSED.

HAMER, J., not sitting.

SEDGWICK, J., concurring.

I think that the conclusion of the majority opinion is right, but it seems to me that the opinion is indefinite and unsatisfactory.

What should the district court have tried, and what questions will it try now, if this cause is remanded? Is the judgment of the plaintiff against Munce vacated? Will that issue have to be tried again? Is the liability of the sugar company open for investigation by this appeal? Can an appeal be taken from a judgment of the county court in any case without first filing a motion for a new trial and getting a ruling thereon? The syllabus and opinion imply that, with the exception named, a motion for new trial is necessary and no appeal can be taken without

such motion.   *O'Donohue v. Hendrix*, 13 Neb. 255, is quoted from: "A motion for a new trial is necessary only in those cases where a trial has been had." This, of course, amounts to saying that when a trial has been had a motion for new trial is necessary. That is the rule in the district court, as there held. This opinion appears to apply it to cases in the county court.

I understand that it has not been the practice to file motions for new trial in the county courts before appealing, and this opinion will by implication, and without reasoning or discussion, call for an entire change of practice in those courts upon appeal. I think that, if that is the correct construction of the statutes, the practice should be made plain and the reasons given for such a holding.

In the district court, which is a court of general equity jurisdiction, a party can intervene even in garnishment proceedings and have his equitable interest in the property established. This was so decided in *Farrington v. Fleming Commission Co.*, 94 Neb. 108. That case is cited as applying to the county court, which has no general equity jurisdiction.

So far as the rights of Munce and Vandeventer depended upon the equities between them, could the county court allow Vandeventer to become a party for the purpose of trying those equities? The sugar company was rash in its willingness to pay the money into court. Unless the plaintiff in the case could show that the defendant had a clear legal right to the money in the hands of the garnishee, the court would be without authority to order the money paid into court and apply it on the plaintiff's claim, and, when Vandeventer filed his objections, prudence would have dictated to the sugar company to have insisted upon those objections, because, if the company failed to do so, Vandeventer's right to the money, as against the company, would not be determined by the action and the company would be still liable to Vandeventer. That is the way the thing ordinarily proceeds in garnishment. If some third party claims the money, the court will not order it paid upon the judgment against the

defendant until the rights of the parties claiming the money are determined. In the district court they could be determined by filing a petition equitable in its nature, if the rights of the parties depended upon the equities between them, but whether that could be done in the county court I think this court has never determined. For instance, if one of two partners was garnished, and it appeared that the partnership was not indebted to the principal defendant, and the equities between the partners had not been settled, it would require a court of equity to determine whether the garnishee should pay money into court.

It is said in the opinion: "The correctness of the ruling of the county court is not before us." The county court sustained the demurrer to Vandeventer's objection and dismissed the intervener. The district court first made an order reversing the county court and overruling the demurrer, and afterwards (it does not appear from the opinion whether it was at the same or at a subsequent term of court) that court dismissed the appeal. If it was at a subsequent term of the district court, would the court have jurisdiction to dismiss the appeal? If it was at the same term, it would vacate the ruling upon the demurrer filed in the county court. If the judgment of the district court is reversed, the judgment of the county court should be reversed also, and that court should allow the garnishee to answer that the money in his hands belongs to parties other than the principal defendant.