McClain & Norvet, Appellant, v. Lawrence Torkelson et al., Appellees.

**BILLS AND NOTES:** Checks—Payment by Third Party—Assignment of Fund. Before the enactment of the Negotiable Instruments Act, the presentation of a check to and its payment by a bank other than the bank of deposit operated to divest the title of the giver of the check in the deposit against which the check was drawn, the payment amounting to an equitable assignment *pro tanto* of such fund. This rule has not been

changed by the enactment of Sec. 3060-a189, Code Supp., 1913, providing that "a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check," and such payment by the other bank amounts to an equitable assignment thereof.

*Appeal from Winnebago District Court.—J. J. Clark,*
Judge.

October 2, 1919.

The defendant Torkelson drew checks upon the Forest City National Bank, and against a general checking account, and to an amount not greater than the funds he had on deposit. The Freeborn County State Bank, upon presentation of these checks, paid the same to defendant. The defendant was indebted to the plaintiff, and he garnished the Iowa bank. The garnishment process was served after the checks had been presented to and paid by the Freeborn County State Bank, and before these checks reached the Iowa bank. The question is whether the presentation to and payment of the checks by the Freeborn County State Bank so operated to assign the funds Torkelson had in the Iowa bank as that, when the garnishment was served, the last-named bank had no moneys belonging to Torkelson. The trial court held that there was an effective assignment, and that the garnishment process was served too late to reach any funds of the defendant. The Iowa bank has no concern in the determination of the case. It has deposited the money claimed to have been assigned by Torkelson, to await the order of the court, but the plaintiff creditor appeals.—*Affirmed.*

*H. A. Brown,* for appellant.

*J. F. D. Meighen* and *Bennett O. Knudson,* for appellee.

Salinger, J.—I. Unless Section 3060-a189, Code Sup-

plement, 1913, a part of the Negotiable Instrument Act, has effected a change in pre-existing law, there must be an affirmance. The appellants concede that, before the enactment of said statute, it was settled in this jurisdiction that presentation to and the payment of a check by a bank other than the bank of deposit operated to divest the title of the giver of the check in the deposit against which the check was drawn. And the concession is well made. Such payment amounts to an equitable assignment *pro tanto* of such fund. *Kuhnes v. Cahill*, 128 Iowa 594; *Roberts v. Austin Corbin & Co.*, 26 Iowa 315; *Schollmier v. Schoendelen*, 78 Iowa 426; *May v. Jones*, 87 Iowa 188; *Bloom v. Winthrop St. Bank*, 121 Iowa 101. To like effect are *Wasgatt v. First Nat. Bank*, 117 Minn. 9 (134 N. W. 224); *Boswell v. Citizens Sav. Bank*, 123 Ky. 485 (96 S. W. 797); *Venturi v. Silvio*, 197 Ala. 607 (73 So. 45); *People's Nat. Bank v. Swift*, 134 Tenn. 175 (183 S. W. 725); *Southern S. & C. Co. v. First Nat. Bank*, 87 S. C. 79 (68 S. E. 962); *Findlay v. Corn Exch. Nat. Bank*, 166 Ill. App. 57; and *Farrington v. Fleming*, 94 Neb. 108 (142 N. W. 297). But appellant insists that our decisions so holding line us with the minority in case law, and that these decisions are in themselves unsound, and should be overruled. Assuming, for the sake of argument, that we are with the minority, we still prefer to adhere to our said decisions. In so holding, we do not overlook the argument that our rule makes fabrication easy, and that, therefore, public policy would be better served by the opposite rule. The point has force, but we cannot see our way clear to overturning our settled law, merely because fabrication is possible. That is so nearly always possible that, if that possibility were to control in dealing with former decisions, public policy would suffer more from the unsettled condition of the case law than from the danger suggested.

Leaving, then, the statute out of present consideration,

the moment the defendant obtained payment of his check from the intervening bank, his deposit was diminished by the amount of such payment. He himself no longer owned that much of his deposit. Necessarily, no creditor of his could thereafter reach that much of the deposit. He could seize nothing which his debtor was not owner of. *Roberts v. Austin Corbin & Co.,* 26 Iowa 315, at 327, 328; *Wasgatt v. First Nat. Bank,* 117 Minn. 9 (134 N. W. 224). In other words, if the statute has not changed matters, this plain-tiff creditor had nothing to seize, after the intervening bank paid the check, even though the check was drawn against an ordinary checking account, and was not pre-sented to the drawee bank until after the creditor had garnished it.

II. Has the statute changed the rule? It provides that:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

The construction of this statute has been referred to, but has never been squarely determined in this court. See *Hove v. Stanhope St. Bank,* 138 Iowa 39; *Smith v. San-born St. Bank,* 147 Iowa 640; *Dolph v. Cross,* 153 Iowa 289. But Mr. Daniel, in the second volume of his work on Negotiable Instruments, Section 1643, says:

"The provision of the statute [referring to the Negotiable Instruments Statute] that a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank is a declaration of the rule that, as against a drawee bank, a check is not an assignment of the fund. But as against the drawer, the giving of a check for value on an ordinary bank deposit should be considered an assignment of the fund *pro tanto.*"

And he construed the *Hove* case, supra, to support

this pronouncement.   The case of *Elgin v. Gross, etc., Co.,* 20 N. M. 450 (150 Pac. 922), rules that such a statute as this does not change the rule in question, but operates purely as a protection to the drawee bank.   So does *Bowker v. Haight & Freese Co.,* 146 Fed. 257.   To the same effect is 5 Corpus Juris 920, 921, and Note 63, 925, 926; *Goldman v. Murray,* 164 Cal. 419 (129 Pac. 462); *Raesser v. National Exch. Bank,* 112 Wis. 591 (56 L. R. A. 174, 176); and *Roberts v. Austin Corbin & Co.,* 26 Iowa 315.   And the *Hove* case, supra, claims the same for *Dillman v. Carlin,* 105 Wis. 14 (80 N. W. 932).   Construing this section of the statute, we said, in *Hove v. Bank,* 138 Iowa 39:

"This section was undoubtedly enacted for the purpose of protecting banks against losses which might be occasioned by the double payment of checks on general deposit, and its only intent and purpose is undoubtedly to protect banks only when they are acting in good faith and without any attempt to assist particular persons in the collection of their debts to the exclusion of others who are equally entitled as much to protection.   *   *   *   Giving to the section of the Code under consideration its full force and effect in law actions, we are of the opinion that, where the parties are properly in court, in an equitable action, and where it is shown that the power intended to assign the entire fund is a part thereof, the rule of the cases heretofore referred to should govern, and the party holding such assignment of a fund on general deposit should be protected as against subsequent claimants at least."

Construing this statute provision, it was said, in *Farrington v. Fleming Com. Co.,* 94 Neb. 108 (142 N. W. 297):

"If the effect of the Negotiable Instruments Act is to adopt the rule that no action against the deposit bank can be maintained upon the check by the holder 'unless and until it accepts or certifies the check,' which it is not necessary now to decide, still that section is not applicable to

the facts in this case. The plaintiff is not claiming under the Negotiable Instruments Act."

It may be conceded that *Kasemeyer v. Smith*, 22 Ida. 1 (43 L.R.A. [N.S.] 100), and *Baltimore & O. R. Co. v. First Nat Bank*, 102 Va. 753 (47 S. E. 837), and possibly *Boswell v. Citizens Sav. Bank*, 123 Ky. 485 (96 S. W. 797), are to the contrary; but we decline to follow them. We hold that, even in a law action, the statute has not changed the rule as between the drawer, his creditors, and the bank that pays the check.

The judgment below is—*Affirmed*.

LADD, C. J., EVANS and PRESTON, JJ., concur.